The Honorable James L. Robart

Hearing Date: 10/14/08

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNIVERSAL INSPECTION GROUP, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ALEC B. ANGUS and LALINE ANGUS, and their marital community; and INTEGRA INSPECTION GROUP, LLC, a Washington limited liability company,<br><br>Defendants. | **No.** C07-1965JLR<br><br>**ALEC B. ANGUS, LALINE ANGUS, AND INTEGRA INSPECTION GROUP, LLC STRICT REPLY BRIEF TO PLAINTIFF'S MOTION FOR SANCTIONS** |

COMES NOW Defendants strictly replying to Plaintiff's Motion for Sanctions. Defendants object to the plaintiff's motion for sanctions based on what they believe to be false information and gamesmanship by the plaintiff. This is second time the plaintiff has asked the court to consider a motion for sanctions based on alleged conduct that the defendants did not commit.

### I.  RESPONSE

The parties never reached settlement in this case. The parties agreed to terms to be included in a settlement agreement, but then Plaintiff's added additional provisions, which the Defendants had not agreed to, such as a provision allegedly binding on non-parties to the settlement agreement. Plaintiff's refused to remove the new provisions. As a result, although specific terms had been agreed to there was never a meeting of the minds regarding the plaintiff's new provisions. Because the focus for months had been on settlement negotiations, the parties found themselves unprepared for the quickly approaching trial date when it became clear that a settlement could not be reached.

By the end of July, given the settlement negotiation impasse and the upcoming discovery deadline, Defendants notified Plaintiff of their intent to pursue discovery, including depositions,

Alec B. Angus, LaLine Angus, And Integra Inspection Group, LLC Strict Reply Brief to Plaintiff's Motion for Sanctions. Page 1

**Law Office of Julie K. Fowler, P.S.**
4122 Factoria Blvd SE, Ste 310
Bellevue, WA 98006
(425) 990-9975

and asked to exchange the initial disclosures. As it turns out, although Plaintiff's counsel had told the court that he was unavailable during the period in question, in fact he was not unavailable.

In correspondence dated August 1, 2008 Defendants indicated that if the new settlement provisions were nonnegotiable it would set a reasonable deadline for the exchange of discovery to take place, one month later. The Defendant's also suggested they should enter into arbitration and notified Plaintiff that they hired Lish Whitson as co-counsel. At that time the parties had almost 60 days to complete discovery. Plaintiff agreed with the deadline for the exchange of documents in correspondence dated August 18, 2008. In that correspondence, Plaintiff expressed concern over the discovery deadline. Defendants believed that discovery could reasonably be completed by both parties within the agreed timeline and saw no reason to extend the deadline *at that time*.

It should be noted, Plaintiff's counsel insisted on deposing the Defendants before exchanging initial discovery, but insisted on scheduling his own client's depositions for three weeks later. Defendants objected, stressing that the initial disclosures needed to be exchanged prior to setting depositions. Defendants also firmly stated that the parties needed to work together to schedule depositions for both sides. The email correspondence Mr. Lam submitted to this court in his response does not contain the entirety of the conversations exchanged between Mr. Lam, Ms. Fowler and Mr. Whitson. All of the correspondence between the attorneys will be available for review at the hearing, but are not included as exhibits in this brief.

In correspondence dated August 21, 2008 Defense Counsel notified Plaintiff that Ms. Fowler would be unavailable for a period of time in September because she would be moving her office. In later correspondence Ms. Fowler indicated that she would be changing her internet and telephone provider so that during the days of her actual move, September 4 and 5, she would not have telephone or email. Defense Counsel's office move was sudden and she provided a notice of unavailability as promptly as she could. Notice of Ms. Fowler's period of unavailability was properly sent to the court and counsel of record. Defense Counsel also noted in the correspondence she would consider extending the discovery deadlines.

In a telephone call on August 25, 2008, Mr. Lam informed Ms. Fowler that he would not exchange discovery until after he had deposed Alec Angus and other members of Integra Inspection Group. Ms. Fowler stood firm and would not agree to mutual deposition dates prior to the exchange of initial disclosures to be completed eight days later. As a result of Ms. Fowler's stance, several personal derogatory comments were made and Ms. Fowler's ability to prosecute the case was criticized. Ms. Fowler ended the conversation when requests to stop haranguing her and discuss the case were ignored. This conversation met the requirements of FRCP 37(a)(1) and LR 37(a)(2)(A).

Alec B. Angus, LaLine Angus, And Integra Inspection Group, LLC Strict Reply Brief to Plaintiff's Motion for Sanctions. Page 2

**Law Office of Julie K. Fowler, P.S.**
4122 Factoria Blvd SE, Ste 310
Bellevue, WA 98006
(425) 990-9975

Beginning August 26, 2008, Mr. Lam began a discovery onslaught. He filed deposition notices and served subpoenas with response dates during times Ms. Fowler was unavailable due to her office move. During this time, Plaintiff's Counsel did not serve discovery on Mr. Whitson or notify him of the notices, though he was available as counsel for Defendants. As a result, Ms. Fowler had to forward the matters to Mr. Whitson for response because she was unable to respond due to packing and moving her office. During this time, Ms. Fowler was also trying to meet the September 2 (not September 1, as Mr. Lam claims relying on a typo) deadline for exchanging initial discovery. In addition to serving subpoenas and deposition notices, Plaintiff served defendants with requests for admission, requests for interrogatories and requests for production. None of the discovery requests complied with the Federal Rules of Civil Procedure. Mr. Whitson notified Plaintiff's Counsel to withdraw the subpoenas, but Plaintiffs refused. Mr. Whitson notified Mr. Lam that the discovery requests did not comply with the court rules, but Mr. Lam ignored that. Moreover, Mr. Lam again indicated he would not comply with exchanging discovery until he had first deposed Alec Angus. Defendants then filed their Motion to Compel Discovery, but stated they would withdraw the request if the disclosures were properly exchanged.

The parties completed the exchange on initial disclosures on time. However, the 1200 plus pages Plaintiffs served did not include information that supported their claims or refuted Defendants counter-claims. The documentation was not relevant to the lawsuit and consisted primarily of information already in the possession of the Defendants. Plaintiff and Defense Counsels had a telephone discussion on this issue and Plaintiff's Counsel insisted their disclosure complied with F.R.C.P. 26. That being the case, Defendants weighed whether or not the hearing on the motion to compel should proceed. During this time Mr. Lam tenaciously refused to withdraw the subpoenas or correct the discovery requests he had served. Defendants opted to withdraw the motion to compel because there were several discovery issues that needed to be addressed by the court which could not happen in the hearing on the motion to compel.

On September 10, 2008 Plaintiff and Defense Counsels held a telephone conference to discuss discovery disputes, setting deposition dates and continuing the discovery deadline. In subsequent correspondence the parties agreed to mutual deposition dates for mid-October. After serving deposition notices on the respective parties, Plaintiff's suddenly became unavailable for to attend their depositions in person, set for October 22 and 23 respectively, due to the devastation of Hurricane Ike that ravaged Galveston, Texas in mid September. Plaintiff's business is housed in Houston, Texas where little or no damage was reported. This was the last

Alec B. Angus, LaLine Angus, And Integra Inspection Group, LLC Strict Reply Brief to Plaintiff's Motion for Sanctions. Page 3

**Law Office of Julie K. Fowler, P.S.**
4122 Factoria Blvd SE, Ste 310
Bellevue, WA 98006
(425) 990-9975

straw as far as Defendants were concerned. It was clear discovery could not be conducted without the assistance of the court.

There being so many discovery issues to resolve Defendants then requested to set a hearing to have a special master appointed. The Court unfortunately was persuaded by Mr. Lam that Defendants had conducted themselves inappropriately and set this hearing to entertain Mr. Lam's Motion for Sanctions. Sanctions should not be ordered against Defendants or their counsel.

DATED this 10th day of October 2008

LAW OFFICE OF JULIE K. FOWLER, P.S.

/s/ Julie K. Fowler, WSBA No. 30108
Attorney for Respondents Alec B. Angus, LaLine Angus, and Integra Inspection Group, LLC

CERTIFICATE OF SERVICE

I hereby certify that on 10/10/2008, I presented Defendants Strict Reply Brief to the Plaintiff's Motion for Sanctions to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following person:

Vic S. Lam
Law Offices of Vic S. Lam, P.S.
701 Fifth Avenue, Suite 4200
Seattle, WA 98104

Dated this 10th day of October 2008

LAW OFFICE OF JULIE K. FOWLER, P.S.

/s/ Julie K. Fowler, WSBA No. 30108
Attorney for Respondents Alec B. Angus, LaLine Angus, and Integra Inspection Group, LLC

4122 Factoria Blvd SE, Ste 310
Bellevue, WA 98006
Ph: (425) 990-9975
Fx: (425) 451-2687
Email: Julie@juliefowlerlaw.com

Alec B. Angus, LaLine Angus, And Integra Inspection Group, LLC Strict Reply Brief to Plaintiff's Motion for Sanctions. Page 4

Law Office of Julie K. Fowler, P.S.
4122 Factoria Blvd SE, Ste 310
Bellevue, WA 98006
(425) 990-9975